**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAMUEL M. HEWITT,

Plaintiff,

v. Case No. 8:26-cv-00581-TPB-LSG

RAMONE K. HIBBERT,
CARLOS A. RIVERA SAEZ,
CHAD CHRONISTER, and
HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff Samuel M. Hewitt sues the Hillsborough County Sheriff's Office,[1] two deputies, and the sheriff for alleged violations of his constitutional rights. Docs. 1, 5. Hewitt moves under 28 U.S.C. § 1915 to proceed without pre-paying the filing fee. Doc. 2. An April 24, 2026, order takes Hewitt's motion under advisement pending the filing of an amended complaint. Doc. 3. Because the amended complaint fails to conform to the pleading requirements and otherwise fails to state a plausible claim, I recommend dismissing the amended complaint without further leave to amend.

[1] The Sheriff is a constitutional officer under the Florida Constitution and is the proper defendant; the Sheriff's Office is not a proper party. *Ramirez v. Hillsborough Cnty. Sheriff's Off.*, No. 10-cv-1819, 2011 WL 976380, at *1 (M.D. Fla. Mar. 18, 2011).

## I. DISCUSSION

### A. Standard of review

In a civil action, the clerk of court must collect a filing fee from the initiating party. 28 U.S.C. § 1914. A party may avoid paying the fee by submitting an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, before a party can proceed without paying the fee, Section 1915 requires review and dismissal if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). A pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and must state "each claim founded on a separate transaction or occurrence . . . in a separate count." FED. R. CIV. P. 10(b). These pleading requirements work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be

granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, dismissal may occur before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Although *pro se* pleadings receive a favorable construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B. The amended complaint is improperly pleaded.**

Hewitt attaches to his amended complaint a brief factual narrative, a description of "legal authority," and a medical record showing the results of an April 21, 2026, MRI of Hewitt's lumbar spine. Doc. 5 at 6–9. Hewitt alleges that the "officers lied" about Hewitt's failing to come to a complete stop before exiting a gas station and that they lacked lawful basis to stop him. Doc. 5 at 6. Although Hewitt alleges that "Officers Ramone K. Hibbert and Carlos A. Rivera Seaz both feloniously battered" and racially profiled him, failed to read him his Miranda rights, and used excessive force, Hewitt fails to allege in separate numbered paragraphs the facts

supporting each alleged violation. By commingling disparate legal theories—ranging from *Miranda* violations to investigative perjury—within a single narrative without clear, numbered paragraphs or distinct counts, Hewitt's complaint constitutes a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Hewitt's complaint therefore fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Accordingly, Hewitt's amended complaint fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure.

**C. The amended complaint fails to state a claim.**

Because Hewitt alleges a violation of his constitutional rights by state officials, his amended complaint is construed as an action under 42 U.S.C. § 1983. Although Hewitt fails to specify whether he asserts individual or official capacity claims against the officers, Hewitt's amended complaint states no plausible claim under either theory of liability.

Section 1983 of Title 42, United States Code, creates civil liability for any person who, under color of state law, violates another person's constitutional rights. "The purpose of [Section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992); *West v. Atkins*, 487 U.S. 42, 50 (1988) (explaining that a person acts "under color of state law" when the person "abuses the position given to him by the State."). A plaintiff may sue a state actor in an official or individual capacity. *Kentucky v. Graham*, 473

U.S. 159, 165–66 (1985).

An individual capacity claim "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky,* 473 U.S. at 165–66. To establish personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166. By contrast, an "official capacity" claim against a police officer is a claim against the government entity. *Geter v. Wille*, 846 F.2d 1352, 1354 n.1 (11th Cir. 1988); *Kentucky*, 473 U.S. at 166 (explaining that "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1985))).

To state a claim against a government entity, Hewitt must allege facts showing that a "policy or custom" of the Hillsborough County Sheriff's Office "played a part in the violation of federal law." *Kentucky*, 473 U.S. at 166. "A policy is a 'decision that is officially adopted by the [law enforcement agency], or created by an official of such a rank that he or she could be said to be acting on behalf of [the law enforcement agency].'" *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1299 (11th Cir. 2023) (quoting *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1356 (11th Cir. 2022)). "A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." *Id.* (quoting *Christmas*, 51 F.4th at 1356). "Demonstrating a policy or custom requires showing a persistent and wide-spread practice." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007).

Here, the amended complaint contains fewer facts than the original complaint.

The factual narrative suggests that officers stopped Hewitt for an alleged traffic violation and detained him after detecting the odor of marijuana. Doc. 5 at 4, 6. Hewitt alleges that the officers "were merely racially profiling" him and should have allowed him to leave after issuing the traffic citation. Doc. 5 at 6. He further alleges that "everything after [Officer Hibbert's] refusal is the "fruit of the poisonous tree." Doc. 5 at 6.

Even liberally construed, Hewitt's amended complaint alleges no facts showing that a policy or custom of the Hillsborough County Sheriff's Office played a part in the purported violation of his constitutional rights.[2] Hewitt alleges he was "racially profiled" but describes no officially adopted policy or unwritten practice that pervades the Hillsborough County Sheriff's Office and that led to the defendants violating Hewitt's constitutional rights. Doc. 5 at 6; *see Tani v. Shelby Cnty.*, 511 F. App'x 854, 857 (11th Cir. 2013) (stating that the Rule 8 pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Iqbal*, 556 U.S. at 678)). Furthermore, as explained below, Hewitt's amended complaint contains insufficient facts supporting the claim that the officers violated Hewitt's constitutional rights.

---

[2] Although Sheriff Chad Chronister is a named defendant, the complaint states no plausible claim for relief against Sheriff Chronister. To state a claim against a supervisor who did not participate in the allegedly wrongful actions, Hewitt must establish a "causal connection between the supervising official's actions and the alleged constitutional deprivation." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). A plaintiff can establish this connection by alleging "(1) a history of widespread abuse that would put a responsible supervisor on notice of the need to correct the alleged deprivation, and the supervisor's failure to correct the problem; or (2) an official custom or policy that led to the violation." *Id.* Hewitt fails to allege facts involving Sheriff Chronister in the attached narrative.

First, Hewitt fails to state a legally cognizable claim for a *Miranda* violation and false arrest because the claims have no factual support, offer no allegations to overcome probable cause, and lack a legal basis under Section 1983. *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (concluding that a *Miranda* violation does not provide a basis for a Section 1983 claim); *see also Alvoid ex rel. A.R.A. v. Sch. Dist. of Escambia Cnty.*, 582 F. Supp. 3d 1140, 1152 n.8 (N.D. Fla. 2021) (citing *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998)). Similarly, Hewitt argues the officers' reports contained perjured or false information which entitled Hewitt to a "*Franks* hearing." Doc. 5 at 7. However, a *Franks* hearing is inapplicable to a warrantless search. *See Murray v. State*, 155 So. 3d 1210, 1216–17 (Fla. 4th DCA 2015) (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

Finally, the amended complaint fails to state a viable claim under the Fourth Amendment. The amended complaint contains no factual allegations describing the alleged use of force and no facts suggesting that any use of force was "objectively unreasonable."*Graham v. Connor*, 490 U.S. 386, 394–97 (1989); *see United States v. Johnson*, 445 F. App'x 311, 313 (11th Cir. 2011) (stating that "if a police officer detects the odor of marijuana, this gives rise to probable cause supporting a warrantless search").

## II. CONCLUSION

Accordingly, I recommend that the district judge dismiss Hewitt's amended complaint, Doc. 5, without leave to amend, deny the motion to proceed *in forma*

*pauperis*, Doc. 2, terminate any pending motion, and close the case.

**REPORTED** in Tampa, Florida, on this 17th day of July, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the fourteen-day objection period.